AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Ohio, Eastern Division |
|---|---|

| Name (under which you were convicted): Kyle J. Williams | | Docket or Case No.: |
|---|---|---|

| Place of Confinement : Madison Correctional Institution | Prisoner No.: A768215 |
|---|---|

| Petitioner (include the name under which you were convicted) Kyle J. Williams | v. | Respondent (authorized person having custody of petitioner) Warden, Madison Correctional Institution |
|---|---|---|

| The Attorney General of the State of: Ohio |
|---|

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

     Court of Common Pleas of Franklin County, Ohio, 345 South High St., Columbus, Ohio

     (b) Criminal docket or case number (if you know):    18CR4210

2.    (a) Date of the judgment of conviction (if you know):    11/25/2019

     (b) Date of sentencing:    11/21/2019

3.    Length of sentence:    Nine year aggregate prison term

4.    In this case, were you convicted on more than one count or of more than one crime? ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:   Three counts of Rape,

     Ohio Revised Code Section 2907.02, each a felony of the first degree

6.    (a) What was your plea? (Check one)

         ☑ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

         ☐ (2)   Guilty          ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☑ Jury   ⫿ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☑ Yes   ⫿ No

8.   Did you appeal from the judgment of conviction?

      ☑ Yes   ⫿ No

9.   If you did appeal, answer the following:

(a) Name of court:   Ohio Tenth District Court of Appeals

(b) Docket or case number (if you know):   19AP-824

(c) Result:   Judgment affirmed

(d) Date of result (if you know):   09/24/2021

(e) Citation to the case (if you know):   2021-Ohio-3006

(f) Grounds raised:   1) Denial of federal due process due to prosecutorial misconduct; 2) Denial of federal

due process due to insufficient evidence to support convictions; 3) Denial of federal due process due to

convictions being against manifest weight of the evidence; 4) Denial of federal due process and

right to confrontation; 5) Denial of federal due process due to discovery violation; 6) Denial of federal

due process due to improper vouching for prosecuting witness; 7) Denial of federal right to effective

assistance of trial counsel; 8) Denial of fair trial due to accumulated errors.

_____

(g) Did you seek further review by a higher state court?   ☑ Yes   ⫿ No

If yes, answer the following:

(1) Name of court:   Supreme Court of Ohio

(2) Docket or case number (if you know):   2021-1283

(3) Result:   Jurisdiction declined

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     12/28/2021

(5) Citation to the case (if you know):     165 Ohio St. 3d 1494, 2021-Ohio-4515

(6) Grounds raised:          1) Denial of federal due process due to discovery violation;

2) Denial of federal right to effective assistance of trial counsel; 3) Denial of federal right

of effective assistance of trial counsel.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:     Court of Common Pleas of Franklin County, Ohio

(2) Docket or case number (if you know):     18CR4210

(3) Date of filing (if you know):     10/03/2019

(4) Nature of the proceeding:     Motion for a new trial

(5) Grounds raised:     Denial of fair trial due to juror misconduct, prosecutorial misconduct, and

ineffective assistance of trial counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Motion denied

AO 241 (Rev. 09/17)

       (8) Date of result (if you know):    11/12/2019 _____

(b) If you filed any second petition, application, or motion, give the same information:

       (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

                               _____

                                 _____

                                 _____

                                 _____

                                 _____

                                 _____

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

       (7) Result: _____

       (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

       (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Date of filing (if you know): _____

       (4) Nature of the proceeding: _____

       (5) Grounds raised: _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to the effective assistance of trial counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation page

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

**CONTINUATION PAGE OF FACTS SUPPORTING GROUND ONE
OF PETITION FOR A WRIT OF HABEAS CORPUS**

**GROUND ONE:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to the effective assistance of trial counsel.

**Supporting Facts:** Trial counsel's representation of Petitioner during the jury trial was deficient in the following respects:

(1) Trial counsel failed to object to expert opinion testimony by a sexual assault nurse examiner ("SANE.") These opinions included her belief that a) the physical findings of the examination of the prosecuting witness ("PW") were consistent with her claim that she was sexually assaulted; b) findings of vaginal trauma supported the PW's claim of forced sexual relations; c) the PW's delayed reporting of an alleged sexual assault is not "abnormal" behavior; d) "flight, fight or freeze" phenomenon explains the PW's lack of resistance to sexual relations; e) the PW's lack of emotion is not inconsistent with her claim of forced sexual relations; f) a blue dye uptake while performing an examination of the PW's genitals may be indicative of the use of force; and g) the PW's request for lubrication is not inconsistent with the use of force.

The Ohio criminal discovery rule requires the prosecution to serve defense counsel with a written report of an expert witness's findings and opinions prior to trial. The prosecutor did not provide trial counsel with a written disclosure of the seven categories of expert opinion identified above. If he had objected on the basis of this discovery violation, trial counsel would have been successful in having the SANE's expert opinion testimony excluded in its entirety.

(2) Trial counsel failed to object to testimony that violated the hearsay rule, the best evidence rule, the lay opinion testimony rule, and Petitioner's rights under the Confrontation Clause. The prosecutors had elicited improper testimony from the PW's friend that her husband received a text message from the PW, shortly after she and Petitioner had sexual relations, that "she had just been sexually assaulted." The husband did not testify at the trial, and Petitioner did not have a prior opportunity to cross-examine him. The prosecutors elicited improper testimony from the PW that she had sent a text to her friend because she felt uncomfortable in Petitioner's basement, and wanted her friend to call her in order to give the PW an excuse to leave. The text message was not produced in discovery, or offered as an exhibit. The prosecutors also elicited improper opinion testimony from the PW's friend that the PW was "pretty distraught," and from a police officer that the PW's account of her accusation of forced sexual relations was "forthright."

(3) Trial counsel failed to object to multiple instances of prosecutorial misconduct that were intended to appeal to the passions and prejudices of the jurors. The transcript of the trial discloses that the prosecutors a) elicited testimony and made comments regarding the PW's alleged positive character traits even though Petitioner never made her character an issue in the trial; b) elicited testimony and made comments regarding alleged negative character traits of Petitioner even though he never made his character an issue in the trial; c) made sympathetic appeals to the jurors based on facts not in evidence; d) elicited testimony about the PW being a breast "cancer survivor," including details about her surviving chemotherapy and a double masectomy, and serving as an activist within the "young breast cancer community," while inaccurately portraying Petitioner as a shady businessman involved in a pyramid scheme, e) engaged in improper vouching of the PW's testimony by injecting their personal opinions regarding her credibility; f) misstated the facts and the law during closing arguments; g) denigrated Petitioner and his attorney during closing arguments; h) impermissibly impeached a prosecution witness who was called in a failed effort to corroborate the PW's testimony; and i) urged the jury to draw an adverse inference from Petitioner's exercise of his right to compulsory process and to present a defense.

(4) Trial counsel failed to object to testimony vouching for the veracity of the PW. This testimony included a) direct opinion testimony supporting the PW's credibility regarding her account of forced sexual relations; b) general testimony about the PW's positive character traits; and c) expert testimony that effectively vouched for the truthfulness of the PW's claims by providing an explanation for the PW's inconsistent demeanor and delayed reporting of her accusations.

Petitioner was prejudiced by his attorneys' deficient performance. There was no eyewitness testimony to corroborate the PW's delayed account of forced sexual relations. The outcome of the trial turned on the jury's assessment of the relative credibility of the PW and Petitioner.

The SANE's opinion testimony provided the prosecution with an excuse for a litany of otherwise exculpatory facts, such as delayed reporting and flat demeanor. The misconduct of the prosecutors inflamed the passions of, and unfairly influenced, the jurors when they resolved the issue of credibility in the favor of the state. The erroneously admitted text message testimony, lay opinion testimony, and vouching testimony provided corroboration for the PW's false accusations, and, individually or in the aggregate, broke the credibility "tie" between her version and Petitioner's version of events. There is a reasonable probability that the jury would have returned not guilty verdicts if defense counsel had timely objected to the expert testimony, the prosecutors' misconduct, and the erroneously admitted text message and vouching testimony.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?      ❐  Yes      ❐  No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐  Yes      ❐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

_____

   Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ⊓ Yes | ⊓ No |
| (4) Did you appeal from the denial of your motion or petition? | ⊓ Yes | ⊓ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the eourt's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting faets (Do not argue or cite law. Just state the specific facts that support your elaim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes     ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❒ Yes | ❒ No |
| (4) Did you appeal from the denial of your motion or petition? | ❒ Yes | ❒ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❒ Yes | ❒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

       (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction?    ☑ Yes    ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them:

       (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            No

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?    ☐ Yes    ☑ No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?    ☐ Yes    ☑ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

       raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  N/A _____

(b) At arraignment and plea:  Samuel H. Shamansky, 523 South Third Street, Columbus, OH 43215-5720

(c) At trial:  Samuel H. Shamansky, 523 South Third Street, Columbus, OH 43215-5720;

Colin E. Peters, 511 South High Street Columbus, OH 43215

(d) At sentencing:  James H. Banks, P. O. Box 40 Dublin, OH 43017; Adam J. Banks, P.O. Box 181,

Amlin, OH 43002

(e) On appeal:  Stephen E. Palmer, 511 South High Street Columbus, OH 43215; Jeffery A. Linn,

501 S. High Street Columbus, OH 43215

(f) In any post-conviction proceeding:  James H. Banks, P. O. Box 40 Dublin, OH 43017

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    A writ of habeas corpus directing Petitioner's

release unless the State of Ohio retries him within a specified period of time

or any other relief to which petitioner may be entitled.

_____
                     Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    11/21/2022    (date).

_____
                     Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____